UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00165-FDW-DCK

| JAMAAL A GITTENS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CHELSEY WILSON AND STEVE HIGDON, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on several pending motions: Plaintiff's "Motion to Transfer to US District Court 28 U.S. 1446," (Doc. No. 8); Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, (Doc. No. 10); Plaintiff's "Motion for Summary Judgment," (Doc. No. 13), and Plaintiff's Motion to Amend Complaint, (Doc. No. 18). These motions have been fully briefed by the parties and are ripe for ruling. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED, and all of Plaintiff's Motions are DENIED.

A. Background

Plaintiff, who appears pro se, filed this action against North Carolina District Judge Stephen Higdon and Assistant District Attorney ("ADA") Chelsey Wilson alleging causes of action arising out of his appearance in District Court in Union County, North Carolina. While appearing in court, Plaintiff contends he attempted to argue a motion to dismiss challenging the court's jurisdiction over him for a traffic violation, while Judge Higdon "continuously tried to get me to sign a waiver for trial," which Plaintiff refused. (Doc. No. 1, p. 2). Judge Higdon asked Plaintiff why Plaintiff should not be held in contempt of court and at some point, "ordered the

1

sheriffs to handcuff me [and] placed me on 48 hours contempt of court . . . ." (Id.). Liberally construing Plaintiff's claims, it appears he seeks to recover from Defendants for the following: (1) violation of 18 U.S.C. § 242 by subjecting him to the deprivation of his rights based on his race, color, or alien status; (2) violation of 18 U.S.C. § 241 by conspiring to injure, oppress, threaten, or intimidate him in the free exercise or enjoyment of his constitutional right to not be deprived of life, liberty, or property without due process of law pursuant to the 5th Amendment; (3) violation of 42 U.S.C. § 1983 by depriving him of his constitutional right to not be deprived of life, liberty, or property without due process of law; and (4) False Imprisonment. Plaintiff seeks monetary damages in the amount of $10 million. (Doc. No. 1, p. 4).

B. Plaintiff's "Motion to Transfer"

Prior to Defendants appearing in this matter, Plaintiff filed a "Motion to Transfer," which appears to seek removal of his case "21CR718675" from "[U]nion [C]ounty court" to this Court and "transfer from district to superior court, to vacate [J]udge Higdon's void contempt proceedings, dismiss the case for lack of jurisdiction." (Doc. No. 8). As part of Defendants' initial appearance in this matter, they responded in opposition to this motion, (Doc. No. 11). For the reasons stated in Defendants' opposition brief, (Doc. No. 11), the Court finds Plaintiff's "Motion to Transfer" fails to set forth any valid ground for removal of his state criminal proceedings to this Court. See, e.g, 28 U.S.C. § 1455 Accordingly, the "Motion to Transfer" is DENIED, and to the extent this pleading had any effect in removing the criminal proceedings in 21CR718675 in Union County, that proceeding is REMANDED to the District Court in Union County, North Carolina.

C. Defendants' Motion to Dismiss

2

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter or if the plaintiff lacks standing to bring a claim. Once the court's subject matter jurisdiction is challenged, the plaintiff bears the burden of proving that jurisdiction exists. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a complaint fails to state a claim upon which relief can be granted. In reviewing a 12(b)(6) motion, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal. 556 U.S. at 679 (citations omitted).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of

3

liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for all civil actions). The Fourth Circuit has explained that "though pro se litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." See Beaudett v. City of Hampton, 775 F.2d 1274, 1276, 1278 (4th Cir. 1985) (noting that district judges "cannot be expected to construct full blown claims" on behalf of pro se litigants).

The Court summarily concludes that Plaintiff is not authorized to bring criminal charges under Title 18 against Defendants. See, e.g., Harris v. Charlotte Mecklenburg Police Dep't, No. 3:22-CV-182-MOC-WCM, 2022 WL 2758615, at *2 (W.D.N.C. July 14, 2022) (collecting cases). Therefore, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 fail as a matter of law as to all Defendants. Plaintiff simply does not have standing to bring criminal charges in a civil case.

The Court also summarily concludes that the claims against Judge Higdon are barred by judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); see also Bradley v. Fisher, 80 U.S. 335 (1871). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. See Mireless, 502 U.S. at 11; see also Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all

4

jurisdiction.'") (citation omitted). For judicial immunity to apply: (1) the act complained of must have been a judicial act; and (2) the judicial officer did not act in the clear absence of jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). The factors to be considered in "determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, i. e., whether it is a function normally performed by a judge, and to the expectations of the parties, i. e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Here, Plaintiff's allegations make clear his claims against Judge Higdon relate to his judicial actions that took place while Plaintiff was participating in a county district court proceeding. Accordingly, Judge Higdon is entitled to absolute immunity, and Plaintiff's claims against him are barred.

Similarly, Plaintiff's claims against ADA Wilson are also barred by absolute prosecutorial immunity. The United States Supreme Court has made clear that a prosecutor, in initiating a prosecution and presenting the State's case, is immune from a civil suit for damages under § 1983. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor enjoys absolute immunity for prosecutorial functions intimately associated with the judicial phase of the criminal process; in other words, absolute immunity is afforded to prosecutors when acting within the advocate's role. Nero v. Mosby, 890 F.3d 106, 118 (4th Cir.), cert. denied, 139 S. Ct. 490, 202 L. Ed. 2d 378 (2018) (quoting Imbler, 424 U.S. at 430). In determining whether a prosecutor's act is "intimately associated" with the judicial process, the court will consider "'the nature of the function performed,' without regard to 'the identity of the actor who performed it,' 'the harm that the conduct may have caused,' or even 'the question whether it was lawful.'" Nero, 890 F.3d 106 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). The Supreme Court has determined that advocative functions enjoy absolute immunity while investigative or administrative functions

5

Case 3:22-cv-00165-FDW-DCK   Document 19   Filed 01/10/23   Page 5 of 7

do not. Nero, 890 F.3d 106. Here, it is unclear what role—if any—ADA Wilson played in Judge Higdon finding Plaintiff to be in contempt of court, and Plaintiff's fanciful allegations of a conspiracy with Judge Higdon fail to set forth any plausible claim against ADA Wilson. In any event, Plaintiff's complaint indicates all events for which he seeks to impose liability allegedly occurred in the courtroom while ADA Wilson was acting as an advocate on behalf of the State. Therefore, ADA Wilson is afforded absolute prosecutorial immunity, and Plaintiff's claims are barred.

Even if immunity did not shield Defendants from suit here, Plaintiff's complaint fails to set forth any non-conclusory factual allegations to support a plausible claim for violation of § 1983, false imprisonment, or other cognizable claim. Additionally, for the reasons stated in Defendants' motion, the Eleventh Amendment to the United States Constitution bars Plaintiff's claim for monetary damages. See Nivens v. Gilchrist, 444 F.3d 237 (4th Cir. 2006). Accordingly, dismissal of Plaintiff's claims is appropriate.

Finally, Plaintiff's claims may be barred by Younger v. Harris. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the allegations make clear Plaintiff is seeking to challenge state court proceedings involving Judge Higdon and ADA Wilson, and to the extent Plaintiff seeks to assert any federal claims, he appears to have that opportunity in

the state proceeding. Under Younger, therefore, the Court must abstain from interfering with Plaintiff's ongoing state proceeding and must dismiss this action.

D. Motion to Amend

Dismissal would not be appropriate if allowing Plaintiff's Motion to Amend would save his claims. The proposed Amended Complaint seeks to add Judge William Tripp Helms and Clerk of Court J.R. Rowell and assert claims against them arising out of his county district court proceedings. For the reason above, the Court finds that allowing amendment would be futile because Plaintiff fails to set forth any cognizable claim that is not barred by absolute immunity or the Younger abstention doctrine. Accordingly, the Motion to Amend is DENIED.

E. Motion for Summary Judgment

In light of the Court's ruling granting Defendants' Motion to Dismiss, the Motion for Summary Judgment is DENIED AS MOOT.

F. Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's "Motion to Transfer to US District Court 28 U.S. 1446," (Doc. No. 8), is DENIED; Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, (Doc. No. 10) is GRANTED; Plaintiff's "Motion for Summary Judgment," (Doc. No. 13), is DENIED AS MOOT; and Plaintiff's Motion to Amend Complaint, (Doc. No. 18), is DENIED.

This case is DISMISSED WITHOUT LEAVE TO AMEND, and the Clerk is respectfully directed to issue judgment accordingly and to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: January 10, 2023

Frank D. Whitney
United States District Judge